IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTEN LEONE,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | NO.<br><br>COMPLAINT |

Plaintiff Kristen Leone, by and through her undersigned attorney, alleges the following facts and asserts the following causes of action against defendant USAA Casualty Insurance Company:

## I.   PARTIES, JURISDICTION AND VENUE

1.1   At all times material, plaintiff Kristen Leone ("Leone") was and is a resident of Salisbury, Massachusetts.

1.2   At all times material, defendant USAA Casualty ("USAA"), was and is a foreign insurance company incorporated in Texas and with its principal place of business in Texas. It is licensed to do business and transacts business in King County, Washington.

1.3   Defendant USAA has transacted business through its adjusters, who have acted on behalf of USAA in their capacity as its employees.

COMPLAINT FOR DAMAGES - 1

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ♦ 206.445.1257 Fax

1.4     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1.5     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the collision giving rise to this Complaint occurred in Seattle, King County, Washington. Moreover, defendant transacts substantial business in this district and derives income and profits from the sale of insurance and collection of premiums in this district.

## II.    FACTS

2.1     On September 4, 2017, at approximately 4:47 pm, plaintiff Leone was passenger in a motor vehicle driven by Kevin B. Clark ("Clark") northbound on Alaskan Way near the intersection with Lenora Street in Seattle. At that time and place, Josue Carranza drove his motor vehicle from a parked position on the east side shoulder of Alaskan Way, pulling out into northbound traffic on Alaskan Way and striking the Clark vehicle.

2.2     The negligence of Josue Carranza ("Carranza") caused the September 4, 2017 collision ("the collision). Carranza failed to exercise reasonable care and made an unsafe start from a parked position. Carranza's negligence was the sole cause of the collision with the Clark vehicle occupied by Leone.

2.3     The collision resulted in harm to plaintiff Leone, including, but not limited to, permanent and disabling physical injuries, medical expenses, and loss of income and earning capacity.

2.4     At all times material hereto, Clark had in full force and effect an automobile insurance policy with USAA, policy number 00335 07 52C 7103 6 ("the policy"), which provided for uninsured/underinsured motorist ("UM/UIM") coverage and extended to plaintiff Leone's injuries from the collision.

2.5     At all times material, the policy provided up to $300,000 per person in potential UM/UIM benefits per occurrence. The policy provided that if there is other applicable insurance for UIM coverage available under one or more policies, any recovery for damages

under all such policies may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis. Furthermore, the policy stated that if UIM coverage is provided, USAA will only pay its pro-rata share of coverage, i.e., the proportion that USAA's limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary or excess basis.

2.6    At all times material, in addition to the UM/UIM coverage available under Clark's USAA policy, plaintiff Leone maintained a Massachusetts automobile insurance policy with Arbella Mutual Insurance Company, which provided UM/UIM coverage with limits of $100,000 per occurrence.

2.7    Before the filing of this lawsuit, defendant USAA determined as part of its investigation that Carranza was factually and legally responsible for causing the collision.

2.8.   Before the filing of this lawsuit, defendant USAA determined as part of its investigation that no other entity was factually and legally responsible for causing the collision.

2.9    Before the filing of this lawsuit, defendant USAA determined as part of its investigation that as a direct and proximate result of Carranza's negligence, plaintiff Kristen Leone was injured in the collision and sustained damages.

2.10   Before the filing of this lawsuit, defendant USAA determined as part of its investigation that Carranza was an uninsured motorist as that term is defined and used by USAA.

2.11   Before the filing of this lawsuit, defendant USAA determined as part of its investigation that as a result of the collision, plaintiff Leone qualified for coverage under the UM/UIM provisions of the policy.

2.12   Before the filing of this lawsuit, defendant USAA determined as part of its investigation that as a result of the collision, plaintiff Leone was entitled to benefits under the UM/UIM provisions of the policy.

2.13 In 2017, plaintiff Leone placed defendant USAA on notice of a Personal Injury Protection ("PIP") claim arising from the collision. USAA opened a PIP claim file and assigned an adjuster to it.

2.14 As the PIP insurer, defendant USAA obtained medical and other records and had actual, ongoing knowledge of plaintiff Leone's injuries and damages.

2.15 Plaintiff Leone also placed defendant USAA on notice of a UM/UIM claim arising out of the collision. USAA opened a UM/UIM claim file and assigned an adjuster to it.

2.16 At all times material, defendant USAA acknowledged and accepted PIP coverage arising out of the collision.

2.17 At all times material, defendant USAA acknowledged and accepted UM/UIM coverage arising out of the collision.

2.18 As the UM/UIM insurer, defendant USAA obtained medical records and had ongoing, actual knowledge of plaintiff Leone's injuries and damages.

2.19 Before the filing of this lawsuit, through her attorney(s), plaintiff Leone sent detailed letters, medical records, and other records to defendant USAA's UM/UIM personnel discussing and documenting her multiple injuries, including a left knee injury requiring surgery, spinal injuries, and a traumatic brain injury, resulting in substantial damages solely as a result of the September 4, 2017 collision. The evidence provided to USAA included a report from her treating neurologist, Andrew H. Leader-Cramer, M.D., in which Dr. Leader-Cramer concluded that Ms. Leone had sustained cerebral concussion and persistent post-concussion syndrome with longstanding cognitive difficulty, depression, and musculoskeletal injury to the cervical spine with cervical strain and radiculitis superimposed upon underlying cervical spondylosis, all as a result of the collision. Additional evidence included a detailed 35-page report from Randall Benson, M.D, a renowned traumatic brain injury specialist at The Center for Neurological Studies in Detroit. Ms. Leone travelled to see Dr. Benson due to her significant ongoing cognitive issues and desire to leave no stone unturned in her efforts to try and return to her prior self. Dr. Benson's evaluation included a review of the medical records and

radiologic examinations, two days of interviewing, examination and testing, and advanced brain imaging, which revealed reduced hippocampal volume accounting for Ms. Leone's short-term memory deficits.

2.20   Before the filing of this lawsuit, through her attorney(s), plaintiff Leone asked defendant USAA to pay the $300,000 policy limits to resolve her UM/UIM claim based on the evidence provided.  The highest applicable UIM limit between the USAA and Arbella policies is $300,000, with $200,000 representing USAA's pro-rata share and $100,000 representing Arbella's share.

2.21   Before the filing of this lawsuit, defendant USAA failed and refused to pay plaintiff Leone the amounts due under the policy and instead responded by offering to pay Ms. Leone $100,000 UM/UIM benefits as its pro-rata share.

2.22   Defendant USAA's low offer to plaintiff Leone is an unreasonable denial of the payment of UM/UIM benefits.

2.23   After making its low offer to plaintiff Leone, defendant USAA thereafter hired a neuropsychologist, Christine Guzzardo, to review Leone's records and provide opinions regarding Ms. Leone's injuries and damages.  Her opinions wholly discount the examination findings and opinions of Leone's treating physicians, as well as the objective testing, findings and opinions of Dr. Benson, the traumatic brain injury specialist who performed a comprehensive and detailed evaluation of Ms. Leone.

2.24   On May 5, 2021, plaintiff Leone served defendant USAA with the required 20-day notice under the Insurance Fair Conduct Act ("IFCA") in which to cure the stated violations.

2.25   Defendant USAA violated insurance industry standards and customs, and state insurance laws and regulations, in the handling of plaintiff Leone's UM/UIM claim.

2.26   Defendant USAA refused to pay plaintiff Leone's UM/UIM claim without conducting a reasonable investigation.

2.27   Defendant USAA did not attempt in good faith to effectuate a prompt, fair and equitable settlement of plaintiff Leone's UM/UIM claim.

2.28  Defendant USAA compelled plaintiff Leone to submit to litigation or arbitration to recover amounts due under the policy by offering Ms. Leone substantially less than the amounts she should recover and to be recovered in such actions or proceedings.

2.29  Plaintiff Leone provided proper written notice of the basis for her IFCA claim to defendant USAA and Washington State's Office of the Insurance Commissioner, in compliance with RCW 48.30.015. More than 20 days have elapsed since Leone provided such notice and USAA failed to resolve the basis for this action within the 20-day period.

### III.   UM/UIM CONTRACT AND ACTION AGAINST USAA

3.1  Pursuant to the policy, defendant USAA agreed to pay compensatory damages to plaintiff Leone as a result of bodily injuries suffered by Leone and due by law from the owner or driver of an uninsured or underinsured motor vehicle causing the collision. As a result of the collision, Ms. Leone is entitled to UM/UIM benefits under the policy.

3.2  Defendant USAA has breached its contractual obligations by failing to pay the full damages owed to plaintiff Leone under the UM/UIM provisions of the policy, proximately causing damages to Ms. Leone.

3.3  Plaintiff Leone brings this breach of contract claim against defendant USAA pursuant to the UM/UIM provisions of the policy. The policy contains a provision that allows or requires Ms. Leone to choose this forum to determine the amount of UM/UIM benefits to which Ms. Leone is due under the policy.

### IV.   OTHER CLAIMS AND ACTIONS AGAINST USAA

4.1  Defendant USAA breached its duty of good faith and fair dealing to plaintiff Leone by (i) unreasonably denying payment of full UIM benefits, and (ii) not attempting in good faith to effectuate a prompt, fair and equitable settlement of her UM/UIM claim.

4.2  Defendant USAA's actions are in violation of the Insurance Fair Conduct Act, Chapter 48.30 RCW, and Washington Administrative Code regulations.

4.3     Defendant USAA's actions are in violation of the Consumer Protection Act, RCW 19.86 et seq.

4.4     Defendant USAA's actions were negligent and in violation of its duty to exercise reasonable care towards plaintiff Leone.

### V.     DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, plaintiff Leone prays for judgment against defendant USAA for:

1.     Full payment of her valid UM/UIM claim;

2.     General, special and/or actual damages, both economic and noneconomic, in amounts to be proven at the time of trial;

3.     All damages proximately caused by USAA's failure to act in good faith in an amount to be proven at trial;

4.     An award of exemplary/punitive damages in an amount to be proven at trial;

5.     An award of costs, including expert witness fees, and reasonable attorney's fees;

6.     An award of prejudgment interest;

7.     An award of treble damages for each IFCA violation by defendant USAA.

8.     Any other and further relief permitted by law as the court deems just, equitable and proper.

DATED this 2nd day of February 2022.

DIAMOND MASSONG, PLLC

By_____
Maria S. Diamond, WSBA No. 13472
**ATTORNEYS FOR PLAINTIFF KRISTEN LEONE**

COMPLAINT FOR DAMAGES - 7